OPINION OF THE COURT
John J. Connell, J.
This matter came before this court for a Sex Offender Registration Act (SORA) assessment pursuant to Correction Law article 6-C. The defendant appeared in court with counsel *693 and challenged the jurisdiction of this court to assess him under the SORA statute on the grounds that he is to be paroled only on a manslaughter second degree conviction which is not a specified offense under the Sex Offender Guidelines. Although given the opportunity to participate in the hearing, the defendant and his counsel declined to do so, again citing this court’s lack of jurisdiction. It was explained to the defendant and all counsel that this court would reserve decision on the jurisdictional issue, but was prepared to proceed with the risk assessment hearing on the scheduled date for that hearing of April 28, 2000. While the defendant requested permission to remain in the courtroom, neither he nor his attorney took part in the hearing. Both sides had submitted papers in support of their respective positions and this court accepts the People’s description of the various time periods involved concerning the defendant’s convictions for sodomy in the first degree and manslaughter in the second degree.
After pleading guilty to sodomy in the first degree involving the forcible sexual assault of a nine-year-old girl, the defendant was sentenced to 71/2 to 15 years with the Department of Correctional Services on September 7, 1977. On July 26, 1985 the defendant was released to the New York State Division of Parole on the sodomy first degree conviction. The Division declared the defendant’s parole delinquent on October 18, 1986. The defendant was convicted after trial of manslaughter in the second degree and sentenced on September 8, 1987 to a consecutive term of 71/2 to 15 years.
It is the defendant’s position that the defendant is presently incarcerated on, and due to be paroled for, only the manslaughter in the second degree conviction, which is not a “sex offense” under Correction Law § 168-a for purposes of SORA assessment. Clearly, manslaughter in the second degree is not a charge for which a SORA assessment is permitted. The question here, however, is whether the defendant’s release is only on the manslaughter in the” second degree conviction, and not also for the sodomy in the first degree conviction.
To resolve this issue, reference has to be made to Penal Law § 70.40 (3) (a) and § 70.30 (1) (b).
Penal Law § 70.40 (3) (a) reads as follows: “When a person is alleged to have violated the terms of parole and the state board of parole has declared such person to be delinquent, the declaration of delinquency shall interrupt the person’s sentence as of the date of the delinquency and such interruption shall continue until the return of the person to an institution under *694 the jurisdiction of the state department of correctional services.”
Although the initial maximum expiration date of the defendant’s sodomy in the first degree sentence was March 10, 1992, that time was interrupted by the Division of Parole’s declaration of delinquency of October "18, 1986. Accordingly, that sentence time was held in abeyance until he was returned to the Department of Correctional Services on September 22, 1987.
The Monroe County Sheriffs Department credited the defendant with jail time of 186 days for the period between March 10 and September 11, 1977. Thereafter, the Monroe County Sheriffs Department credited him with 339 days for the period between October 18, 1986 and September 21, 1987. Because the manslaughter sentence was consecutive to his sodomy sentence, the 5 years, 4 months and 17 days owed on the sodomy conviction was aggregated with the new manslaughter sentence to arrive at a new maximum expiration term of 20 years, 4 months and 17 days for both charges per Penal Law § 70.30 (1) (b).
Therefore, the defendant continues subject to both sentences and is required to undergo the SORA assessment.
After considering the exhibits received during the hearing, as well as the case summary provided by the Examining Board, this court makes the following risk assessments. (1) Use of violence: the nine-year-old victim in this case was subjected to trauma to her face, neck, mouth and larynx which required a four-day hospitalization. Accordingly, the risk factor is 15. (2) The risk factor is 25 based on the deviate sexual intercourse inflicted on the victim. (3) and (4) Zero. (5) The risk factor is 30 based on the age of the nine-year-old victim. (6) Zero. (7) The risk factor is 20 based on the fact that the defendant established the relationship with the victim for purposes of attacking her under the ruse of helping her gej; her kite out of a tree. (8) Zero. (9) The risk factor is 5 based on the fact that there is a prior criminal history, but no sex crimes or felonies. (10) Zero. (11) Based on the defendant’s history of substance abuse, the risk factor is 15. (12) The risk factor is 10 based on the defendant’s failure to take responsibility for his actions. He has claimed either to have been drinking or that he did not commit the offense or that he simply does not remember committing it. (13) While he was being supervised on parole, he committed a homicide for which he was convicted of the manslaughter charge. Therefore, that risk factor is 10.
*695 Accordingly, the total risk factor is 130 which leads to a presumptive risk level of 3. Besides the risk factor assessment, based on the fact that the defendant caused the death of a person while he was on parole for the sodomy conviction, it also constitutes an override and a presumptive level 3 assessment.
Accordingly, the decision of this court is that the court does have jurisdiction to entertain the SORA assessment and the SORA assessment designated is a level 3.